UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CAROL GAYLOR,<br>an individual,<br><br>    Plaintiff,<br>vs.<br><br>CALHOUN PROPERTIES, LLC<br>(SOUTH CAROLINA),<br>a South Carolina Limited<br>Liability Company,<br><br>    Defendant.<br>_____ | ) <br> ) <br> ) CASE NO.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, CAROL GAYLOR, through her undersigned counsel, hereby files this Complaint and sues CALHOUN PROPERTIES, LLC (SOUTH CAROLINA), a South Carolina Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

1

referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3.  Plaintiff, CAROL GAYLOR, (hereinafter referred to as "MRS. GAYLOR"), is a resident of White County, Georgia.[1] However, she frequently travels to the Cornelia area about 30 minutes away to shop and eat.

4.  Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5.  Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[2]

6.  Defendant CALHOUN PROPERTIES, LLC (SOUTH CAROLINA), a South Carolina Limited Liability Company, (hereinafter referred to as

---

[1] Mrs. Gaylor splits her time between a residence in St. Johns County, Florida and White County, Georgia.
[2] Plaintiff is capable of walking short distances without assistance on good days.

"DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, generally located at 1082 Level Grove Rd, Cornelia, GA 30531.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, Habersham County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, which includes a Wendy's fast-food restaurant, is open to the public and provides goods and services to the public.

10. MRS. GAYLOR has visited the Property several times over the past year and attempted to utilize the goods and services offered at the Property. She last visited the Property in early December of 2024.

11. While at the Property, MRS. GAYLOR experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers more fully discussed below.

12. MRS. GAYLOR continues to desire to visit the Property because she is frequently in the Cornelia area and she enjoys the food at Wendy's, but fears that

she will continue to experience serious difficulty and unequal treatment due to the barriers discussed herein, which still exist.

13. MRS. GAYLOR plans to and will visit the Property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which reduced and prevented Plaintiff's access throughout the Defendant's Property:

    A. Plaintiff encountered an inaccessible parking lot at the Property due to a lack of any fully accessible parking spaces designated for disabled use.  More specifically, there is one (1) space marked for disabled use, however it lacks an adjacent access aisle and is located adjacent to the drive-through lane which is an extremely hazardous placement for a disabled use parking space.  These conditions made it difficult and dangerous for Plaintiff to utilize the parking spaces in the parking lot and, in fact, the sole ADA parking space cannot be safely used at all by Plaintiff.

    B. Plaintiff encountered inaccessible routes from the

parking spaces in the main lot to the Property sidewalk and front entry due to a 4 to 6 inch-high curb and a lack of curb ramps in the vicinity of these parking spaces. Additionally, while the sole ADA space on the back side of the building adjacent to the drive-through lane (as noted above) is connected via a curb ramp, it would be extremely dangerous for Plaintiff to attempt to load/unload from her vehicle while other cars are passing in the drive through lane. Moreover, attempting to cross the drive-through lane and use the ramp with passing vehicular traffic is not safe. These conditions greatly increased Plaintiff's risk of a fall or harm from oncoming vehicular traffic during her visits.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow

Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment CALHOUN PROPERTIES, LLC (SOUTH CAROLINA), and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the

Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976


By: */s/ John A. Moore*
    John A. Moore, Esq.
    Georgia Bar No.: 519792
    Of Counsel
    The Moore Law Group, LLC
    1745 Martin Luther King Jr., Drive
    Atlanta, GA 30314
    Tel.: (678) 288-5601
    Fax: (888) 553-0071
    Email: jmoore@moorelawllc.com
    Attorney for Plaintiff